IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHTON DANIEL,<br>R69925, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 23-cv-3392-DWD<br>) |
| KRISTY WUEST,<br>LT. BARBER, | )<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Ashton Daniel, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Southwestern Correctional Center (Southwestern), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that Defendant Barber violated his rights when he responded to Plaintiff's request for mental health assistance with excessive force. He seeks injunctive relief and monetary compensation.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on May 11, 2023, while in the dayroom he asked to speak with a mental health professional concerning his depression and anxiety. (Doc. 1 at 15). Moments later Defendant Lt. Barber stormed into the dayroom and aggressively presented him with two options: to write a mental health request slip, or to declare an intent to harm himself. Plaintiff tried to explain that his mental health need was urgent because he had manic depression. Barber grabbed Plaintiff by his neck and wrist and placed him in handcuffs, which Plaintiff alleges were extremely tight and excruciatingly painful. Barber then pushed Plaintiff through a doorway, which caused Plaintiff to graze his arm and to sustain a cut. Barber escorted Plaintiff to the healthcare unit where he was treated for his wound and was seen by a mental health professional. Plaintiff alleges that as an individual trained on mental health protocols, Barber should not have used excessive force against him.

Plaintiff seeks compensatory and punitive damages, as well as a temporary restraining order against Barber. In support of his complaint, he submitted grievance documentation. In the grievance documents, he alleges Barber used excessive force and would not honor his right to see a mental health professional. (Doc. 1 at 10-11). The grievance officer indicated that, when asked, Barber indicated Plaintiff was non-compliant and would not return to his dorm. (Doc. 1 at 7). The grievance documents

also suggest that Plaintiff received an IDR (a disciplinary report) related to this incident. (*Id.*).

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Count 1:** Eighth Amendment excessive force claim against Defendant Barber for his actions of tightly handcuffing and shoving Plaintiff on May 11, 2023;

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Preliminary Dismissal

Plaintiff named Kristy Wuest, the acting Warden, as a defendant in the caption of this case, but he does not make any factual allegations about her involvement in the complaint. Section 1983 liability is premised on personal responsibility for an individual's actions, so the mere naming of an individual in the caption, without more, is not enough to state a claim. *Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994). Any claim against Wuest is dismissed without prejudice for failure to state a claim because there are insufficient allegations to proceed against her in the complaint.

## Analysis

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). While the Court will also consider the extent of the injury suffered in the use of force, there is no severity of injury benchmark to state an excessive force claim. *Id.*

Plaintiff's allegations are, in this Court's estimation, barely sufficient at this juncture to proceed beyond initial review, because, by the teachings of *Wilkins* and *Hudson*, it is seemingly inappropriate to dismiss this case simply because Plaintiff only sustained a scratch that was quickly treated. The Court is skeptical that the allegations, liberally construed, show an "alleged deprivation was sufficiently serious to rise to the level of constitutional violation" even "in light of contemporary standards of decency". *Jones-Bey v. Conley*, 144 F. Supp. 2d 1035, 1041 (7th. Cir., 2000) citing *Hudson* at 8. Also noteworthy is that the that some of the grievance documentation suggests there is more to the story than what Plaintiff has presented. If it ultimately turns out that Defendant Barber utilized a reasonable amount of force to restore order, this claim will fail.

The Court also notes that Plaintiff seeks a temporary restraining order against Lt. Barber, but he has not described an adequate factual basis for mandatory injunctive relief. Mandatory injunctive relief, such as a restraining order against a guard, is an extremely rare form of relief, only warranted if there is a concrete risk of irreparable future harm

before the merits of the lawsuit can be resolved.  *See e.g.*, *Orr v. Shicker*, 953 F.3d 490, 501-02 (7th Cir. 2020) (the mere possibility of a future injury is not enough to warrant a preliminary injunction).  Thus, to the extent Plaintiff seeks a restraining order this immediate relief is denied.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendant Lt. Barber.  By contrast, Plaintiff has failed to state a claim against Kristy Wuest, and the Clerk of Court is **DIRECTED** to **TERMINATE** Wuest.

The Clerk of Court is **DIRECTED** to prepare for Defendant Lt. Barber: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation

of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: January 30, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.